

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-19-00024-CV

_____

IN THE INTEREST OF A.W. AND M.W., CHILDREN

On Appeal from the 76th District Court
Titus County, Texas
Trial Court No. 40,040

Before Morriss, C.J., Burgess and Stevens, JJ.

ORDER

As a result of a petition filed by the Texas Department of Family and Protective Services (the Department), the trial court terminated Vince's and Emma's parental rights to their two children, A.W. and M.W.[1] Vince and Emma appeal. We abate this appeal to allow the trial court the opportunity to comply with the Indian Child Welfare Act (ICWA).

Congress passed the ICWA in response to the "rising concern in the mid-1970's over the consequences to Indian children, Indian families, and Indian tribes of abusive child welfare practices that resulted in the separation of large numbers of Indian children from their families and tribes through adoption or foster care placement, usually in non-Indian homes." *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 32 (1989). The ICWA applies to all state child custody cases involving an Indian child when the trial court knows or has reason to know that an Indian child is involved. 25 U.S.C.A § 1912(a); *Doty-Jabbaar v. Dallas Cty. Child Protective Servs.*, 19 S.W.3d 870, 874 (Tex. App.—Dallas 2000, pet. denied). The ICWA defines an Indian child as an "unmarried person who is under the age of eighteen and is either (a) a member of an Indian tribe or (b) is eligible for membership in an Indian tribe and is the biological child of a member of an Indian tribe." 25 U.S.C.A. § 1903(4). "The ICWA, however, does not define what constitutes being a 'member' or 'being eligible for membership.'" *In re J.J.C.*, 302 S.W.3d 896, 900 (Tex. App.—Waco 2009, no pet.) (citing 25 U.S.C.A. § 1903(4)). Each individual tribe uses its own criteria for determining tribe membership. *In re R.R.*, 294 S.W.3d 213, 217–18 (Tex. App.—Fort

---

[1] In order to protect the children's privacy, we will refer to the appellants by pseudonyms, and the children will be referred to by initials. *See* TEX. R. APP. P. 9.8.

Worth 2009, no pet.). A child's parent may petition a court of competent jurisdiction to set aside involuntary termination for failure to comply with the ICWA). *Id*.

"The Bureau of Indian Affairs [BIA] created guidelines for state courts to use in Indian child custody proceedings to assist with the interpretation of the ICWA." *In re C.C.*, No. 12-17-00114-CV, 2017 WL 2822518, at *2 (Tex. App.—Tyler June 30, 2017, no pet.) (mem. op.) (citing Bureau of Indian Affairs Guidelines for State Courts; Indian Child Custody Proceedings (BIA Guidelines), 44 Fed. Reg. 67,584 (Nov. 26, 1979)). Under BIA Guidelines, "[p]roceedings in state courts involving the custody of Indian children shall follow strict procedures and meet stringent requirements to justify any result in an individual case contrary to these preferences." *Id*. (quoting BIA Guidelines, 44 Fed. Reg. at 67,586). "Specific instructions are provided in the [BIA] Guidelines for the determination of the status of an alleged Indian child." *Id*. (citing *In re J.J.C.*, 302 S.W.3d 896, 900 (Tex. App.—Waco 2009, no pet.)). "The burden is placed on the trial court to seek verification of the child's status through either the Bureau of Indian Affairs or the child's tribe." *Id*. (citing BIA Guidelines, 44 Fed. Reg. at 68,586 (stating that "the court shall seek verification of the child's status")). "[C]ircumstances under which a state court has reason to believe a child involved in a child custody proceeding is an Indian include [when] . . . (i) [a]ny party to the case . . . informs the court that the child is an Indian child . . . [and] (ii) [a]ny public or state-licensed agency involved in child protection services or family support has discovered information which suggests that the child is an Indian child." *Id*. (quoting BIA Guidelines, 44 Fed. Reg. at 67,586).

"Under the ICWA, an Indian tribe is entitled to notice of a custody proceeding involving an Indian child." *Id.* (citing 25 U.S.C.A. § 1921(a)). "It is the duty of the trial court and the Department to send notice in any involuntary proceeding 'where the court knows or has reason to know that an Indian child is involved.'" *Id.* (quoting 25 C.F.R. § 23.11). "Section 23.11 also requires that the notice be sent to the 'appropriate Regional Director' and the Secretary of the Interior." *Id.* (quoting 25 C.F.R. § 23.11(a), (b), (c)). The appropriate Regional Director is determined by application of the BIA Guidelines and the ICWA. Section 23.11 of the Code of Federal Regulations states:

> Notice must include the requisite information identified in § 23.111, consistent with the confidentiality requirement in § 23.111(d)(6)(ix). Copies of these notices must be sent to the appropriate Regional Director listed in paragraphs (b)(1) through (12) of this section by registered or certified mail with return receipt or by personal delivery and must include the information required by § 23.111.

25 C.F.R. § 23.11. Notices must comply with Section 23.111, including the requirement to list "[a]ll names known (including the maiden, married, and former names or aliases) of the parents." 25 C.F.R. § 23.111(d). On receipt of the notice, the Secretary of the Interior, or his designee, is required to make reasonable documented efforts to locate and notify the tribe and the child's Indian parent or custodian within fifteen days or to notify the trial court how much time is needed to complete the search for the child's tribe. 25 C.F.R. § 23.11(c). A violation of the ICWA notice provisions may be just cause for invalidating the termination proceedings at some future point in time. 25 U.S.C.A. § 1914.

After Vince and Emma brought to the court's attention that they believed the children were of American Indian descent, the Department sent a notice of pending custody proceeding involving

4

Indian child to "Muscogee (Creek) Nation[,] C/O ICWA Representative" in Okmulgee, Oklahoma.[2] Also in the record is a letter from the Department addressed to Bill John Baker, Principal Chief, Eastern Oklahoma. The letter contained an address located in Tahlequah, Oklahoma. However, there is nothing in the record to show that the Regional Director or the Secretary of the Interior were notified of the proceeding. *See* 25 C.F.R. § 23.11(a), (b), (c).

According to the BIA website, notices sent from Titus County pursuant to Section 23.111(e) must be sent to the Regional Director at both of the following offices:

> Eastern Oklahoma Region
> 3100 W. Peak Boulevard
> Muskogee, OK 74401
> Phone: (918) 781-4608
> Fax Number: (918) 781-4604

---

[2]Donna Gould, an intake specialist for the Muscogee (Creek) Nation, responded by letter, stating,

> Please be advised that the Indian Child Welfare Program has examined the tribal records and the above named children cannot be traced within our tribal records based upon the information provided regarding blood-related immediate family members.

> The above named children will not be considered as "Indian children" in relationship to the Muscogee (Creek) Nation as defined in the Federal Indian Child Welfare Act, 25 U.S.C. section 1903(4). Therefore, the Muscogee (Creek) Nation is NOT empowered to intervene in this matter.

In addition, the record contains a letter from Lisa Foreman with the Office of Indian Child Welfare for the Cherokee Nation, stating,

> Cherokee Nation Indian Child Welfare has examined the tribal records regarding the above named child/children and none of the names provided can be found.

> The child is/children are NOT an "Indian child/children" in relation to the Cherokee Nation as defined in the Federal Indian Child Welfare Act, 25 U.S.C. Section 1903(4). Therefore, the Cherokee Nation does not have legal standing to intervene based on the information exactly as provided by you.

Southern Plains Region
US Indian Affairs Bureau - P.O. Box 368
132 E Broadway St
Anadarko, OK 73005
Phone: (405) 247-6673
Fax Number: (405) 247-5611

Failure to comply with the notice requirements of the ICWA provisions creates the danger of invalidation of parental-rights termination proceedings. Yet, when an appellate court determines there has been a potential violation of the ICWA notice provisions, reversal is not necessarily warranted. Instead, an appellate court may remand the case to the trial court so that proper notice may be provided. *See* TEX. R. APP. 44.4.

Because the inquiry required by the ICWA is necessary here, we abate this matter with the following instructions:

(1) the trial court shall provide, no later than **August 21, 2019,** proper notices that comply with the ICWA's statutory notice requirements discussed herein;

(2) the trial court shall thereafter conduct a hearing, no later than **September 20, 2019**, to determine whether A.W. and M.W. are Indian children under the ICWA;

(3) the trial court shall cause a record of the proceedings to be prepared and shall make appropriate findings as to whether A.W. and M.W. are Indian children;

(4) the reporter's record from the hearing shall be filed with this Court no later than **September 27, 2019**; and

(5) a supplemental clerk's record (including any orders and findings resulting from the ICWA hearing) shall be filed with this Court no later than **September 27, 2019**.

*See* TEX. R. APP. P. 44.4. Due to the accelerated nature of parental-rights termination proceedings, the trial court shall conduct these abatement proceedings in an expedited fashion. The appeal will

6

be reinstated in this Court following the filing of the supplemental clerk's record.  Until such time,

the August 21, 2019, submission date is hereby withdrawn.

     IT IS SO ORDERED.


                                        BY THE COURT


DATE:  August 14, 2019